**PRYOR CASHMAN LLP**
Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
Shamar Toms-Anthony (State Bar No. 323246)
*stoms-anthony@pryorcashman.com*
1901 Avenue of the Stars, Ste. 900, Los Angeles, California 90067
Telephone: (310) 683-6900

*Attorneys for Plaintiff ABKCO Music & Records, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ABKCO MUSIC & RECORDS, INC., a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BEHR PROCESS LLC D/B/A BEHR PAINT COMPANY, a California limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.: 8:25-CV-2530<br><br>**COMPLAINT**<br><br>**1. COPYRIGHT INFRINGEMENT**<br><br>**2. SECONDARY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

**INTRODUCTION**

1. Defendant BEHR Process LLC d/b/a BEHR Paint Company ("BEHR"), without right, title, license or other authorization, unlawfully exploited in a commercial advertisement for its paint products the sound recording embodying The Rolling Stones' performance of the musical composition entitled "Paint It, Black," written by Mick Jagger and Keith Richards (the "ABKCO Recording"). Plaintiff ABKCO Music & Records, Inc. ("ABKCO") at all relevant times owned the exclusive rights (including the rights to reproduce, distribute, publicly perform, and prepare derivative works of, and to license others to do any of the foregoing) in and to the ABKCO Recording.

**NATURE OF ACTION**

2. This is an action for copyright infringement of the ABKCO Recording.

3. As more fully alleged herein, BEHR, without ABKCO's authorization, without compensating ABKCO, and for its sole commercial benefit, reproduced, distributed, publicly performed, transmitted, prepared a derivative work embodying, and otherwise exploited the ABKCO Recording in a commercial advertisement (the "Advertisement") to promote BEHR's products and business, which Advertisement was exploited on BEHR's own Instagram social media platform and, on information and belief, on other platforms. (*See* Notice of Lodging ("November 22, 2022 BEHR Instagram Post").)

4. Specifically, the Advertisement features an individual using spray paint to paint furniture and exploits the ABKCO Recording with the single goal of promoting the BEHR Paint brand and products.



5.     As a result of the aforementioned acts of infringement, ABKCO has suffered significant damages. Because of the immense popularity and timeless nature of the ABKCO Recording, commercial third parties pay significant fees (from hundreds of thousands to millions of dollars) for licenses to feature the ABKCO Recording in advertisements in connection with their products and services. BEHR paid ABKCO nothing.

6.     Further, BEHR's commercial use of the ABKCO Recording has forced a business association upon ABKCO that has harmed its ability to license the ABKCO Recording to BEHR's competitors that would pay for the use of the ABKCO Recording. Clearly, the ABKCO Recording is not only iconic, it has unique and particular value to a paint company seeking to promote its paint products.

7.     BEHR is a sophisticated, multi-billion-dollar corporation that, upon information and belief, routinely licenses recorded music for its commercials, yet it inexplicably chose in this case not to seek a license for "Paint It, Black."

## JURISDICTION AND VENUE

8. This Court has original and exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 as this action seeks damages for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

9. This Court has personal jurisdiction over BEHR because it is a California limited liability company with its headquarters and principal address located in the State of California and directed its wrongful activities to California residents, including by reproducing, distributing, and publicly performing the ABKCO Recording to California residents.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 1400(a) because BEHR is transacting business within the State of California and this District and BEHR is subject to this Court's personal jurisdiction.

## THE PARTIES

11. Plaintiff is a New York corporation with its principal place of business in New York, New York. Plaintiff is, and at all relevant times herein was, the owner of all worldwide rights in and to the ABKCO Recording, including all rights under the U.S. Copyright Act and under state law with respect to pre-1972 sound recordings.

12. Upon information and belief, BEHR is a California limited liability company with a principal place of business located at 1801 E. St. Andrew Place, Santa Ana, California 92705.

13. Defendants Does 1 through 10 (collectively, "Doe Defendants") are other parties not yet identified who have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to ABKCO, who therefore sue said Doe Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

# FACTUAL ALLEGATIONS

**A.    The Infringed ABKCO Recording**

14.    The Rolling Stones are a legendary English rock band formed in the 1960s by Mick Jagger, Keith Richards, Brian Jones, Bill Wyman, and Charlie Watts.

15.    The Rolling Stones' "Paint It, Black" is one of the band's biggest recordings of their career (reaching number 1 on the U.S. Billboard Hot 100 chart in 1966).

16.    The ABKCO Recording is a pre-1972 sound recording, which was indexed on October 9, 2019.

17.    ABKCO regularly licenses the ABKCO Recording to third parties for commercial use for substantial fees.

**B.    BEHR's Unauthorized Exploitation of the ABKCO Recording**

18.    On or around November 22, 2022, and continuing thereafter until, on information and belief, at least September 2025, BEHR published on and transmitted via its Instagram social media page ("behrpaint") the video Advertisement for its products and business that featured the ABKCO Recording.

19.    ABKCO, however, did not discover the Advertisement or BEHR's use of the ABKCO Recording until on or about June 2025.  ABKCO first notified BEHR of its infringement on or about August 12, 2025, and requested certain information concerning BEHR's unauthorized use.  BEHR never provided that information, and was unwilling to engage in further dialogue concerning its unauthorized use.

20.    In creating and exploiting the Advertisement, BEHR reproduced, distributed, transmitted, and publicly performed, and created a derivative work of, the ABKCO Recording, none of which acts were licensed or otherwise authorized.

21.    BEHR has derived significant financial benefits from the infringement, including by not having to pay for a license to use one of the most valuable copyrights in the history of popular music for a commercial purpose to promote its brand and its

products. And BEHR's unauthorized use has, *inter alia*, deprived ABKCO of the value of such a required license.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

22. ABKCO incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

23. By the acts set forth above, BEHR has infringed ABKCO's exclusive rights in the ABKCO Recording, including, but not limited to, by reproducing, distributing, transmitting, publicly performing, and preparing derivative works of the ABKCO Recording, without authorization, in violation of the Copyright Act, including, without limitation, 17 U.S.C. §§ 1401.

24. BEHR's acts of infringement have been willful, in reckless disregard of and with indifference to the rights of ABKCO.

25. As a direct and proximate result of BEHR's infringements, under 17 U.S.C. 504(b), ABKCO is entitled to recover its actual damages and to recover BEHR's profits in an amount to be proven at trial, which are not currently fully ascertainable.

26. Alternatively, ABKCO is entitled to statutory damages under 17 U.S.C. § 504(c).

27. ABKCO is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (Secondary Copyright Infringement)

28. ABKCO incorporates by reference the allegations contained in paragraphs 1 through 27 of this Complaint.

29. Alternatively, upon information and belief, BEHR has vicariously and/or contributorily infringed the ABKCO Recording because (i) BEHR directly benefitted

financially from the infringing activity of one or more of the Doe Defendants, who is a direct infringer; (ii) BEHR had the right and ability to supervise or control the infringing activity; and (iii) BEHR failed to exercise that right and ability; and/or (i) BEHR knew or had reason to know of the infringing activity of the direct infringer, and (ii) BEHR intentionally induced or materially contributed to the infringing activity.

30. Upon information and belief, BEHR's vicarious and/or contributory infringement has been willful, in reckless disregard of and with indifference to the rights of ABKCO.

31. As a direct and proximate result of the infringement to which BEHR contributed, ABKCO is entitled to damages and to BEHR's profits in amounts to be proven at trial, which are not currently fully ascertainable.

32. Alternatively, ABKCO is entitled to statutory damages under 17 U.S.C. § 504(c).

33. ABKCO is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## **PRAYER**

**WHEREFORE**, ABKCO respectfully prays for relief as follows:

A. For actual damages in an amount to be proven at trial;

B. For all of BEHR's profits pursuant to 17 U.S.C. § 504(b) attributable to infringement;

C. Alternatively, for an award at ABKCO's election of the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c);

D. For prejudgment interest according to law; and

E. For attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**PRYOR CASHMAN LLP**

Dated: November 12, 2025         By:   */s/ Benjamin S. Akley*
                                       Benjamin S. Akley
                                       Shamar Toms-Anthony
                                       *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial of this action by a jury on all claims and issues so triable pursuant to Federal Rule of Civil Procedure 38.

**PRYOR CASHMAN LLP**

Dated: November 12, 2025    By:    */s/ Benjamin S. Akley*

Benjamin S. Akley
Shamar Toms-Anthony
*Attorneys for Plaintiff*